## WRIGHT v. LEVY.

(Supreme Court, Appellate Term.  November 18, 1903.)

1. EARNEST MONEY DEPOSIT—RECOVERY.
   Where plaintiff, who had deposited money as earnest of her perform-
   ance of an agreement to purchase from defendant a contract for the
   sale of real estate, came on the day fixed for performance to his office,
   well within usual business hours, but he was not present and the neces-
   sary papers were locked up, and when she came the next day he told
   her the deposit was forfeited for failure to attend the day before, she
   is entitled to recover the deposit.

Appeal from Municipal Court, Borough of Manhattan, Eighth Dis-
trict.

Action by Adelaide V. Wright against Mitchell A. C. Levy to re-
cover money deposited as earnest for the performance of a contract.
From a judgment in favor of plaintiff, defendant appeals.  Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and
BLANCHARD, JJ.

B. F. Feiner, for appellant.
Wm. A. Montague, for respondent.

BISCHOFF, J.  The question whether the plaintiff knew or did
not know of the requirement for the payment of taxes, as embodied
in the contract of sale which the defendant had agreed to assign to her,
is not involved upon this appeal.  The recovery of the deposit of $250
is fully supported by evidence that the plaintiff, on the day fixed for
the performance of the agreement with the defendant, came to the
latter's office prepared to close the matter, but that he was not pres-
ent and the papers were locked in the safe, a fact which made it
impossible for performance to be tendered in his behalf at that time.
The next day plaintiff called again, and was informed by defendant
that the deposit was forfeited for her failure to attend the day before.

According to thoroughly credible testimony, the plaintiff's attend-
ance was well within the usual business hours contemplated by the
agreement, and the defendant's repudiation of the contract was not
justified, and placed him clearly in default.  The parties never reached
a point where the potential disagreement as to the terms of the con-
tract to be assigned could affect their respective rights.  The defend-
ant simply declined to observe his agreement, and the recovery of the
deposit was justified by the facts.

Judgment affirmed, with costs.  All concur.